UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE CASHON,<br><br>    Plaintiff,<br><br>    v.<br><br>ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MODESTO, LLC, et al.,<br><br>    Defendants. | No. 1:19-cv-00671-NONE-SKO<br><br>ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING<br><br>(Doc. No. 24) |

    Plaintiff Valerie Cashon initiated this action in Stanislaus County Superior Court on January 31, 2019. (Doc. No. 1-1 at 28.) Defendants Encompass Health Rehabilitation Hospital of Modesto, LLC and Encompass Health Corporation removed the action to this federal court on May 15, 2019 on the basis of the court's diversity jurisdiction. (Doc. No. 1.) The case currently proceeds on plaintiff's first amended complaint against defendants on eleven causes of action brought under California state law. (Doc. No. 1-1 at 10.) On August 3, 2021, plaintiff filed a motion for preliminary approval of a class action settlement and a declaration in support thereof. (Doc. Nos. 24 & 25.) The motion also seeks leave to file a second amended complaint. (Doc. No. 24 at 2.) The proposed second amended complaint brings, for the first time, claims on behalf of a proposed class. (Doc. No. 25, Ex. D ("SAC").) The court finds this matter insufficiently briefed.

Accordingly, plaintiff shall, within 30 days, file supplemental briefing concerning the proposed class-action settlement agreement.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "Courts have long recognized that settlement class actions present unique due process concerns for absent class members." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (internal quotation marks and citations omitted). To protect the rights of absent class members, Rule 23(e) requires that the court approve all class action settlements "only after a fairness hearing and a determination that the settlement is fair, reasonable, and adequate." *Bluetooth*, 654 F.3d at 946. But when parties seek approval of a settlement agreement negotiated before formal class certification, "there is an even greater potential for a breach of fiduciary duty owed the class during settlement." *Id.* In such circumstances, "settlement approval requires a higher standard of fairness" and a "more exacting review" so as "to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (internal quotation marks and citations omitted).

In addition, when parties seek class certification only for purposes of settlement, Rule 23 "demand[s] undiluted, even heightened, attention" to the certification requirements. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The district court must examine the propriety of certification under Rule 23 both at this preliminary stage and at a later fairness hearing. *See, e.g.*, *Ogbuehi v. Comcast*, 303 F.R.D. 337, 344 (E.D. Cal. Oct. 2, 2014).

Review of a proposed class action settlement ordinarily proceeds in three stages. *See Manual for Complex Litigation* (4th) § 21.632. First, the court conducts a preliminary fairness evaluation and, if applicable, considers class certification. *Id.* (noting that if the parties move for both class certification and preliminary approval, the certification hearing and preliminary fairness evaluation can usually be combined). Second, if the court makes a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms, the parties

are directed to prepare the notice of certification and proposed settlement to the class members. *Id.* Third, the court holds a final fairness hearing to determine whether to approve the settlement. *Id.*; *see also Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1267 (9th Cir. 2010).

Though Rule 23 does not explicitly provide for such a procedure, federal courts generally grant preliminary approval if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Lounibos v. Keypoint Gov't Sols. Inc.*, No. 12-cv-00636-JST, 2014 WL 558675, at *5 (N.D. Cal. Feb. 10, 2014) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)); *see also Newberg on Class Actions* § 13:13 (5th ed. 2011). While it is not a court's province to "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute," a court should weigh, among other factors, the strength of a plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the extent of discovery completed; and the value of the settlement offer. *Chem. Bank v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992) (citation omitted).[1]

## ANALYSIS

Here, the court lacks sufficient information to perform the required analysis. For instance, the court is without sufficient information to evaluate the following:

- Whether the amount offered in the settlement is adequate. Among other things, the record does not reflect what the maximum possible amount of the claims is.
- Whether this lawsuit has progressed far enough to merit a class-action settlement. For instance, it is not clear to the court whether any discovery has been taken with respect to the class claims.

/////

/////

---

[1] For a sampling of decisions that indicate the depth the court undertakes for this analysis, the court directs plaintiff to the orders in *Gonzalez v. CoreCivic of Tennessee, LLC*, No. 1:16-cv-01891-DAD JLT, 2020 WL 1475991 (E.D. Cal. Mar. 26, 2020), and *Larson v. Harman-Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2019 WL 7038399 (E.D. Cal. Dec. 20, 2019).

- Whether the proposed settlement administrator has agreed to undertake the role.
- What other agreements have been made in connection with the proposed settlement, such as the settlement agreement reached between plaintiff and defendant with respect to plaintiff's individual claims. *See* Fed. R. Civ. P. 23(e)(3) ("The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.").
- Whether the requirement to file a copy of the proposed settlement agreement with the Labor and Workforce Development Agency has been satisfied. *See* Cal. Labor Code § 2699(*l*)(2).

In addition, in this case the court has concerns about the merits of the underlying motion. The parties may also wish to address the following areas in their briefing:

- Whether it is appropriate for the employer portion of any payroll taxes to be paid from the settlement fund. (Settlement Agreement ¶¶ 1.p; 18.f; 20.h.); *see Perez v. All Ag, Inc.*, No. 1:18-cv-00927-DAD-EPG, 2020 WL 1904825, at *7 (E.D. Cal. Apr. 17, 2020) ("Here, however, it appears that the employer payroll taxes will be paid from the fund set aside for unpaid wages, depriving employees of the unpaid wages that they are due. The court cannot approve this provision as interpreted here.").
- Whether the scope of the release is overly broad.
- Whether the notice is comprehensible to laypersons, especially with respect to the scope of the release.

**ORDER**

Accordingly, within thirty (30) days, plaintiff shall file supplemental briefing concerning the motion for preliminary approval sufficient for to permit the court to adequately review the parties' proposed settlement.

IT IS SO ORDERED.

Dated: **September 22, 2021**

UNITED STATES DISTRICT JUDGE

4