**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALERIE CASHON, | Case No.: 1:19-cv-00671-LJO-SKO |
| Plaintiff, | **ORDER RE STIPULATION AND UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")** |
| vs. | |
| ENCOMPASS HEALTH REHABILITATION HOSPITAL OF MODESTO, LLC; ENCOMPASS HEALTH CORPORATION; and DOES 1-10, inclusive, | |
| | (Doc. 52) |
| Defendants. | |

This matter is before the Court on a stipulation for approval of the parties' settlement agreement between Plaintiff Valerie Cashon ("Plaintiff") and Defendants Encompass Health Rehabilitation Hospital of Modesto, LLC, and Encompass Health Corporation (the "Defendants"). (Doc. 50). Having considered the stipulation, the Court will reject the settlement agreement.[1]

**I.   BACKGROUND**

**A.   Factual Background and Procedural History**

Defendants employed Plaintiff as an occupational therapist from November 19, 2016, to November 28, 2018, when she alleges that Defendants unlawfully terminated her employment. (Doc. 1-1 at 11). Plaintiff alleges Defendants misclassified her as an exempt, salaried employee during her employment, and because of this misclassification, they failed to pay her overtime

---

[1] The parties have consented to the jurisdiction of the U.S. Magistrate Judge. (Doc. 48).

wages as required.  (Doc. 101 at 11-12).

Plaintiff filed the operative complaint in the Superior Court of the State of California on April 11, 2019.  (Doc. 50 at 2).  In the complaint, she alleged the following causes of action:

(1) Failure to Provide Meal Breaks (California Labor Code §§ 226.7 and 512);

(2) Failure to Provide Rest Breaks (California Labor Code §§ 226.7 and 512);

(3) Failure to Pay All Wages Upon Termination (California Labor Code §§ 201 and 203);

(4) Failure to Furnish Accurate Itemized Wage Statements (California Labor Code § 226);

(5) Failure to Pay Overtime (California Labor Code §§ 510 and 1198);

(6) Failure to Pay Minimum Wages (California Labor Code §§ 1182, *et. seq*);

(7) Unfair Business Practices (California Business and Professions Code § 17200 *et. seq*);

(8) Retaliation (California Labor Code § 98.6);

(9) Retaliation (California Labor Code § 1102.5); and

(10) Retaliation (California Labor Code § 1102.5).

(Doc. 1-1).

Plaintiff also brought a claim for civil penalties under California Labor Code §§ 2698 *et seq.,* known as the California Private Attorneys General Act of 2004 ("PAGA").  (Doc. 1-1 at 20). Defendants removed this action to this Court on May 15, 2019.  (Doc. 1).  The parties engaged in discovery, where they identified 303 of Defendant's former employees as allegedly "aggrieved employees" within the PAGA period of February 5, 2018, to April 21, 2022.  (Doc. 52 at 2).

The parties participated in an unsuccessful mediation on February 3, 2021.  (Doc. 52 at 2). Plaintiff filed a notice of settlement in July 2021, and the parties' filed a Motion for Preliminary Approval of a Class Action Settlement (Doc. 24) on August 3, 2021.  The Court requested supplemental briefing on September 23, 2021, ordering the parties to further explain whether the amount offered in the settlement was adequate, whether the lawsuit had progressed far enough to merit class-action settlement, and whether the scope of the release was overly broad.  (*See* Doc. 27 at 3-4).  Plaintiff filed an addendum on December 3, 2021, (Doc. 36) estimating the value of her claims.  She estimated that "[b]ased on these calculations, which assume a 100% violation rate for each cause of action as to each putative class member, the maximum value of the class claims, in the aggregate, is $2,694,290. Of that amount, $2,217,639 constitutes the maximum value of the derivative claims, i.e., the claims for waiting-time penalties and inaccurate wage

statements." (Doc. 36).

The Court denied the motion on January 10, 2022, (Doc. 38) after identifying several issues with the parties' proposed settlement and noting concerns of collusion. The parties filed a second Motion for Preliminary Approval of Class Action Settlement (Doc. 42) on November 14, 2022. The Court denied the motion on September 22, 2023 (Doc. 49), again noting several concerns with the agreement. The Court found it was "troubled by the sufficiency of information—or lack thereof—used to calculate the value of Plaintiff's claims." (Doc. 49 at 9). For instance, after the Court denied the previous motion, discovery identified 16 new class members, and "[o]ne would expect the increase in class members to affect the value of all of Plaintiff's class claims, yet several of the current maximum-value calculations are the same as made before." (Doc. 49 at 10). Again, the Court found these discrepancies "underscore[d] the Court's previously expressed concerns of collusion." (Doc. 49 at 10).

The parties have not reached an agreement on a class-wide basis, but they have reached an agreement, subject to the Court's approval, to settle Plaintiff's representative PAGA claims, which is the motion before the Court. (Doc. 52).

**B.  Relevant Settlement Provisions**

According to the parties' PAGA settlement agreement ("the PAGA Agreement"), Defendants will pay "Plaintiff's representative PAGA claims for a total amount of $50,000 ('the Settlement Amount'), as well as all of Plaintiff's individual claims for an equal amount." (Doc. 52 at 2). The PAGA Agreement also provides the following:

> WHEREAS, Plaintiff and Defendant have agreed to retain ILYM as the PAGA settlement administrator, at a cost of $3,850, to be paid out of the Settlement Amount.
>
> WHEREAS, within 15 calendar days after the Effective Date, Defendants will provide the settlement administrator with a list containing identifying and contact information for the Aggrieved Employees, the number of Eligible Pay Periods for each Aggrieved Employee during the PAGA Period, and the social security number of each Aggrieved Employee.
>
> WHEREAS, within 15 calendar days after the Effective Date, Defendants shall pay the Settlement Amount to the settlement administrator.
>
> WHEREAS, within 30 calendar days of the settlement administrator's receipt of the Settlement Amount, the settlement administrator will distribute the Settlement Amount as follows:
>
>> a. The amount of $3,850.00, payable to the settlement administrator for administration of the PAGA settlement;

3

   b. The amount of $8,000.00, payable to Mayall Hurley P.C. for Plaintiff's costs, which includes Plaintiff's share of the mediator's fees, $7,000;

   c. The amount of $28,612.50 payable to Labor and Workforce Development Agency ("LWDA"), representing 75% of the Settlement Amount after subtracting Plaintiff's costs and the settlement administrator's fees;

   d. The amount of $9,537.50 payable to the Aggrieved Employees, representing 25% of the Settlement Amount after subtracting Plaintiff's costs and the settlement administrator's fees, distributed based on the number of Eligible Pay Periods for each Aggrieved Employee during the PAGA Period as a percentage of the total number of Eligible Pay Periods for all Aggrieved Employees during the PAGA Period. Settlement checks issued to these individuals shall expire 180 days from the date of their issuance. If there are uncashed checks following this period, the settlement administrator will ensure that uncashed funds shall be forwarded to the State Controller in the name of the Aggrieved Employee.

 Upon the Court's approval of the Settlement, and except as to the right to enforce the terms and conditions of the Settlement, Plaintiff, on behalf of herself and the State of California, and all of the Aggrieved Employees, hereby fully release the Released Parties from any and all Covered Claims during the PAGA Period.

 14. The Parties jointly request that the Court approve the penalties sought as part of the settlement pursuant to PAGA.

 15. Pursuant to Labor Code § 2699(s)(2), Plaintiff has submitted the instant proposed order and stipulation to the LWDA via the LWDA's online filing system.

(Doc. 52 at 3-4).

## II.   DISCUSSION

### A.   Legal Standard

"[A] PAGA action is a statutory action in which the penalties available are measured by the number of Labor Code violations committed by the employer." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435 (9th Cir. 2015). Accordingly, "an employee bringing a PAGA action does so as the proxy or agent of the state's labor law enforcement agencies, . . . who are the real parties in interest." *Id.* PAGA requires that "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Lab. Code § 2699(l)(2). A court may exercise its discretion to lower the penalties awarded if "to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2). Because state law enforcement agencies are the real "parties in interest," a court must ensure that the state's interest in enforcing the law is upheld. *Sakkab*, 803 F.3d at 435.

"PAGA does not establish a standard for evaluating PAGA settlements." *Smith v. H.F.D. No. 55, Inc.*, No. 2:15-CV-01293 KJM KJN, 2018 WL 1899912, at *2 (E.D. Cal. Apr. 20, 2018). However, "California district courts have applied a Rule 23-like standard, asking whether the settlement of the PAGA claims is 'fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes.'" *Rendon v. Infinity Fasteners, Inc.*, No. 1:20-cv-01538-ADA-BAM, 2023 WL 2918678, at *3 (E.D. Cal. April 12, 2023) (quoting *Mondrian v. Trius Trucking, Inc.*, No. 1:19-cv-00884-ADA-SKO, 2022 WL 6226843, at *7 (E.D. Cal. Oct. 7, 2022)). Therefore, Courts will approve PAGA settlements where the settlement (1) meets statutory requirements and (2) is fundamentally fair, reasonable and adequate in light of the statute's policy objectives. *Clayborne v. Lithia Motors, Inc.*, No. 1:17-cv-00588-AWI-BAM, 2022 WL 16701278, at *2-3 (E.D. Cal. Oct. 24, 2022); *Gilmore v. McMillan-Hendryx Inc.*, No. 1:20-cv-00483-HBK, 2022 WL 184004, at *2 (E.D. Cal. Jan. 20, 2022) ("Courts consider: (1) whether the statutory requirements of notice to the LDWA have been satisfied, and (2) whether the settlement agreement is fair, reasonable, and adequate, as well as meaningful and consistent with PAGA's public policy goals, which include 'augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance.' "); *Kang v. Wells Fargo Bank, N.A.*, No. 17-cv-06220-BLF, 2021 WL 5826230, at *15 (N.D. Cal. Dec. 8, 2021) ("Other district courts have found it appropriate to approve a PAGA settlement where 'the settlement terms (1) meet the statutory requirements set forth by PAGA, and (2) are fundamentally fair, reasonable, and adequate in view of PAGA's public policy goals.' "), *aff'd sub nom. Kang v. Fyson*, No. 22-15694, 2022 WL 6943174 (9th Cir. 2022).[2]

Some courts have applied the factors in *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1026 (9th Cir. 1998), to evaluate whether a PAGA settlement is fundamentally fair, reasonable, and adequate. *Rodriguez v. RCO Reforesting, Inc.*, No. 2:16-cv-2523 WBS DMC, 2019 WL 331159, at *4 (E.D. Cal. Jan. 25, 2019); *Smith v. H.F.D. No. 55, Inc.*, No. 2:15–cv–01293–KJM–KJN, 2018 WL 1899912, at *2 (E.D. Cal. April 20, 2018); *O'Connor v. Uber Techs.*, 201 F. Supp. 3d. 1110, 1134 (N.D. Cal. 2016). The *Hanlon* factors, which are traditionally used to evaluate class action settlements, include (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed;

---

[2] PAGA requires that the parties must simultaneously submit a proposed settlement to the California Labor and Workforce Development Agency to comment on the settlement. The parties indicate they have done so here. (Doc. 52 at 4). Thus, the parties have satisfied the statutory requirements under PAGA.

(6) the expertise and views of counsel; (7) the presence of government participation; and (8) the reaction of class members to the proposed settlement. *Hanlon*, 150 F.3d at 1026.

The Court finds, as others in the district have, that the *Hanlon* factors are useful in assessing the PAGA settlement. The third, seventh, and eighth factors, however, are not relevant to this settlement because it is not a class action, and the LWDA has not participated in the case. *Smith*, 2018 WL 1899912, at *2 ("[T]hree of the *Hanlon* factors—risk of maintaining class action status, presence of a governmental participant, and reaction of class members—are not relevant to a PAGA settlement that is not a class action and in which the LWDA is not involved.") Therefore, the Court will analyze the five remaining *Hanlon* factors to determine whether the settlement is "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes," and whether the settlement would be "unjust, arbitrary and oppressive, or confiscatory" with respect to Defendant (Cal. Lab. Code § 2699(e)(2)).

**B.      Analysis**

The parties have not provided any argument, caselaw or details about the dispute to allow the Court to undertake a meaningful analysis as required by PAGA. Cal. Lab. Code § 2699(l)(2) ("[C]ourt[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." For the reasons set forth below, the Court will decline to approve the settlement until the parties demonstrate the settlement is appropriate considering PAGA's policies and purposes.

As discussed above, the *Hanlon* factors relevant to determining whether the settlement is fair and adequate include the strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed; and the expertise and views of counsel. *Smith*, 2018 WL 1899912, at *2. When assessing the strength of a plaintiff's case, the court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of th[e] litigation." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989). The Court cannot reach such a conclusion because evidence has not been fully presented. *Id.* Instead, the court "evaluate[s] objectively the strengths and weaknesses inherent in the litigation and the impact of those considerations on the parties' decisions to reach these agreements." *Id.* Defendant has denied Plaintiff's allegations on legal and factual bases, but there is little in the record for the Court to determine the strength (or weakness) of Plaintiff's case.

The risk, expense, complexity, and likely duration of further litigation weighs in favor of settlement. Legal uncertainty generally favors approval of a settlement. *Browning v. Yahoo! Inc.*,

No. C04–01463 HRL, 2007 WL 4105971, at *10 (N.D. Cal. Nov. 16, 2007) ("[L]egal uncertainties at the time of settlement— particularly those which go to fundamental legal issues— favor approval."). At this stage, more than five years have passed since this case was removed to federal court. (*See* Docket). Further litigation would involve further expenses and costs for both parties, though the extent of the effort by the parties to litigate this case is unclear. Regardless, these factors generally weigh in favor of settlement.

The parties have not established the settlement amount is fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes. The stipulated settlement provides $50,000 to be split among the LWDA and the aggrieved employees, and an additional $50,000 to Plaintiff to settle her individual claims. (Doc. 52 at 3-4). Of the $50,000 set aside to settle Plaintiff's representative claim, $3,850 will be paid to the settlement administrator, $8,000 will be used for costs, including Plaintiff's share of the mediator fee, and $28,612.50 is payable to the LWDA, presenting 75% of the settlement after costs and fees are subtracted (as required by PAGA). The remaining 25% of the settlement amount, or $9,537.50 (after subtracting costs and fees), will be split between the aggrieved employees based on their number of eligible pay periods.

"It is important to note that where plaintiffs bring a PAGA representative claim, they take on a special responsibility to their fellow aggrieved workers who are effectively bound by any judgment." *O'Connor v. Uber Technologies*, 201 F.Supp.3d 1110, 1134 (citing *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 383 (2014)). PAGA provides for penalties ranging from $100-200 per aggrieved employee per pay period. Cal. Labor Code § 2699. The parties have not estimated what PAGA penalties are available in this case, and whether the allotted settlement is fair, adequate, and reasonable in light of that. Accordingly, the parties have not demonstrated, through attorney affidavits, argument, or otherwise, how this settlement will satisfy PAGA's interest in deterring non-compliance. *See Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2016 WL 5907869, at *9 (N.D. Cal. 2016). For instance, some courts raise concerns of settlements for less than 1% of the total PAGA claim. *See Viceral v. Mistras Grp., Inc.*, Case No. 15-cv-2198-EMC, 2016 WL 5907869, at *9 (N.D. Cal. Oct. 11, 2016). As other courts have cautioned while evaluating PAGA settlements, "A court must therefore be mindful of the temptation to include a PAGA claim in a lawsuit to be used merely as a bargaining chip, wherein the rights of individuals who may not even be members of the class and the public may be waived for little additional consideration in order to induce the employer to agree to a

settlement with the class." *Haralson v. U.S. Aviation Services Corp.*, 383 F.Supp.3d 959, 972 (N.D. Cal. June 7, 2019) (internal quotation marks and citations omitted). Without more from the parties, the Court is unable to determine whether the settlement is fair, and therefore, this factor weighs heavily against approving the settlement, as the Court cannot find "the settlement provisions are at least as effective as the protections or remedies provided by state and federal law or regulation for the alleged violation." Cal. Lab. Code § 2699.3(b)(4).

It is unclear that the extent of discovery completed weighs in favor of settlement. "So long as the parties have sufficient information to make an informed decision about settlement, this factor will weigh in favor of approval." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) (internal quotation omitted). The parties engaged in mediation in 2021, and they claim to have engaged in "extensive discovery," identifying 303 allegedly aggrieved employees. It is unclear what other discovery the parties have undertaken. Again, without more explanation from the parties, the Court is unable to say the parties have "sufficient information to make an informed decision about settlement." *Linney*, 151 F.3d at 1239.

The parties' counsel have not weighed in on whether the settlement is appropriate. "In determining whether a settlement is fair and reasonable, '[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases.'" *Slezak v. City of Palo Alto*, No. 16-CV-03224-LHK, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017) (quoting *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, *5 (N.D. Cal. Jul. 11, 2014)). The parties' counsel have not explained why the settlement is appropriate.

In considering these factors, the Court cannot find the PAGA settlement is fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes without additional explanation from the parties. Cal. Lab. Code § 2699; *Eacret v. Crunch*, No. 18-cv-04374-JST, 2019 WL 13075961, at *9 (N.D. Cal. Nov. 19, 2019) ("The Court defers resolution of the adequacy of PAGA recovery and invites Plaintiffs to provide further information regarding total maximum valuation, maximum valuation of the PAGA claim, and/or reasons for discounted PAGA recovery.").[3]

---

[3] After considering the *Hanlon* factors, the Court cannot find any other factor that would render the settlement "unjust, arbitrary and oppressive, or confiscatory" as to Defendant. Cal. Lab. Code § 2699(e)(2).

8

### III.   CONCLUSION

For the foregoing reasons, the court REJECTS the settlement under PAGA and DENIES the motion without prejudice.

IT IS SO ORDERED.

Dated:   **October 7, 2024**                    /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE